[No. 15449.    Department One.—June 5, 1894.]

WILLIAM H. BRADLEY ET AL., APPELLANTS, *v.* ANGLO-AMERICAN GAS CONTROL COMPANY ET AL., RESPONDENTS.

CANCELLATION OF INSTRUMENTS—CODE REMEDY—MULTIPLICITY OF SUITS —SETTLEMENT OF CONTROVERSY.—Under section 3412 of the Civil Code, a written instrument, in respect to which there is a reasonable apprehension that, if left outstanding, it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled; and the fact that the plaintiff might successfully defend other suits in which the written instrument may be relied upon is immaterial, the remedy pro-

vided for by the code being intended to strike at the basis of all other suits, and in one controversy determine the rights of the parties for them all.

ID.—AGREEMENT FOR EXCLUSIVE RIGHT TO PATENTED MACHINES—BREACH OF CONTRACT—TERMINATION.—Where the plaintiffs granted to the defendants the exclusive right to sell and dispose of patented machines throughout the Pacific Coast, on the condition that the grantee would make faithful efforts to sell the machines within the same territory, an agreement by the grantee with the proprietor of a rival machine, with the intention of preventing the introduction and sale of the plaintiff's machine within a portion of the territory, is such a violation of the agreement as to justify the plaintiff in treating it as terminated, and beginning an action for its cancellation.

ID.—CLAUSE GIVING RIGHT TO TERMINATE AGREEMENT—ADVERSE CLAIM —JUDICIAL CANCELLATION.—A clause in the instrument giving to the plaintiffs the right to terminate the agreement, upon a violation of its provisions, does not prevent the plaintiffs from seeking its cancellation by a judicial determination; and a claim by the defendants that, notwithstanding their violation, they possess all the rights conferred by the agreement, and dispute the right of the plaintiffs to terminate it, gives to the plaintiffs a right to invoke judicial action to cancel the agreement.

ID.—THREAT OF INJUNCTION SUIT—APPREHENSION OF INJURY—DEFENSE IMMATERIAL.—The threat of the defendants that they will endeavor to enjoin the plaintiffs from disposing of the machines within the specified territory constitutes a reasonable apprehension that the instrument may cause injury to the plaintiffs, and the fact that the plaintiffs might successfully defend any injunction suit, or suits, in the various states covered by the agreement, is no objection to the remedy for cancellation of the instrument.

ID.—DAMAGES—PREVENTIVE RELIEF—JOINDER OF CAUSES—SUFFICIENCY OF COMPLAINT.—It is no objection to the complaint for the cancellation of an instrument that a judgment for damages and for preventive relief is sought in the same action; and if the allegations of the complaint are insufficient to entitle the plaintiffs to introduce proof of such damages, that fact does not impair the sufficiency of the complaint to establish their right to the equitable relief.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*G. A. Johnson*, for Appellants.

The making of a promise, with no intention at the time of performing it, constitutes a fraud, for which a contract may be rescinded. (Civ. Code, sec. 1572; *Lawrence* v. *Gayetly*, 78 Cal. 131; 12 Am. St. Rep. 29;

*Chicago etc. Ry. Co.* v. *Titterington,* 84 Tex. 218; 31 Am. St. Rep. 39.) All parties to the fraud may be joined as defendants. (*Andrews* v. *Pratt,* 44 Cal. 309; *Sheldon* v. *Steamship Uncle Sam,* 18 Cal. 527; 79 Am. Dec. 193.) The complaint is not multifarious. (*Jones* v. *Steamship Cortes,* 17 Cal. 487; 79 Am. Dec. 142; *Lenz* v. *Prescott,* 144 Mass. 505.) The combination between the gas companies was illegal. (*Gibbs* v. *Consolidated Gas Co.,* 130 U. S. 396; 1 Spelling on Private Corporations, 133, 220.)

*J. P. Langhorne,* and *Carter P. Pomeroy,* for Respondent.

The agreement amounted solely to a license under plaintiff's patent. (Curtis' Law of Patents, secs. 211, 212; *Hill* v. *Whitcomb,* 1 Bann. and Ard. Pat. Cas. 34; *Farrington* v. *Gregory,* 4 Fisher's Pat. Cas. 22.) Plaintiff has an adequate remedy at law for infringement, after revocation of the licenses as provided in the agreement. (Walker on Patents, sec. 309; *Woodworth* v. *Weed,* 1 Blatch. 165; *Cohn* v. *Rubber Co.,* 5 Bann. and Ard. Pat. Cases, 572; *Starling* v. *St. Paul Plow Works,* 32 Fed. Rep. 290.) Plaintiffs having a complete remedy at law cannot invoke the jurisdiction of equity to cancel the license. (*Leach* v. *Day,* 27 Cal. 643; *Nevada etc. Co.* v. *Kidd,* 37 Cal. 307; *Richards* v. *Kirkpatrick,* 53 Cal. 433; *Lewis* v. *Tobias,* 10 Cal. 574; *Smith* v. *Sparrow,* 13 Cal. 596.) No reasonable apprehension of serious injury appears, which is essential to justify a cancellation of the license. (Civ. Code, sec. 3412; *Fitch* v. *Bunch,* 30 Cal. 209.) The complaint shows no case for rescission, there being no offer to place the parties in *statu quo,* or to refund moneys paid for the governors under the license. (Civ. Code, secs. 1689, 1691, 3406; *Collins* v. *Townsend,* 58 Cal. 608; *Loaiza* v. *Superior Court,* 85 Cal. 30; 20 Am. St. Rep. 197.)

HARRISON, J.—The plaintiffs being the proprietors of letters patent issued to one Stott for a certain gas regulator or governor, entered into an agreement February

7, 1891, with the defendant Gaden by which they granted to him and his assigns the sole and exclusive right, during the life of said letters patent, to buy, sell, rent, and otherwise dispose of the said governor, for use within the state of California and other states constituting the Pacific Slope. Gaden did not receive the right to manufacture the governors, but it was provided that he should purchase from the plaintiffs all that he might require, and that, in case he failed to faithfully prosecute their introduction or sale, the plaintiffs might terminate the agreement and resume and enjoy all rights under it as fully as if it had never been made. Gaden assigned an interest in the agreement to the defendant Anglo-American Gas Control Company; and this corporation continued to act under the agreement until May, 1892, since which time it has ceased to purchase any of said governors; and in January, 1893, Gaden informed the plaintiffs that they would no longer use this governor in San Francisco. In pursuance of an agreement between these defendants and the other defendant, the Gas Consumers' Association, the interest in said agreement, so far as it relates to San Francisco and the counties of Alameda and Marin, has been assigned to the last-named defendant. The complaint alleges that the Gas Consumers' Association is a rival and competing corporation, and that the assignment to it and the agreement between it and the other defendants are for the purpose of freezing out and wrecking the Stott patents in the city of San Francisco and the counties of Marin and Alameda, and were made in the interest of this rival corporation, and are in violation of the provisions of the aforesaid agreement that Gaden and his assigns would faithfully introduce the said governors into the aforesaid territory, and that the effect of the transfer to the Gas Consumers' Association is to exclude the Scott machines from this territory, and to entirely deprive the plaintiffs of any market therein. The plaintiffs notified the defendants that on account of their failure to diligently and faithfully push

the introduction and sale of the said Stott machines the said agreement was terminated, and that they resumed all the rights they had before it was entered into; but, notwithstanding such notice, the defendants still claim all the rights and interests secured to them by said agreement, and that said notice by the plaintiffs is inoperative, and threaten to bring an injunction suit against the plaintiffs if they should attempt to deal in or sell the said Stott machine within the foregoing territory. The plaintiffs thereupon brought this action to obtain a judgment for the cancellation of said agreement, and that it shall cease to have any force or binding effect, and that the defendants be perpetually enjoined from claiming any thing by virtue thereof, and for damages. A demurrer to the complaint was sustained, and the plaintiffs have appealed.

The relief sought by the plaintiffs is authorized by the terms of section 3412 of the Civil Code, which provides that " a written instrument in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." By the terms of the agreement between the plaintiffs and Gaden the plaintiffs parted with the " sole and exclusive" right to sell and dispose of the Stott machines throughout the Pacific Slope, and so long as this agreement remained in force the plaintiffs would have no right to enter this territory and dispose of any of their machines. The condition upon which this right was granted was, that the grantee would make faithful efforts to introduce and sell the machines within the same territory. An agreement by the grantee with the proprietor of a rival machine, with the intention that the effect of such agreement should prevent the introduction and sale of the Stott machine within a portion of this territory, is such a violation of the agreement with the plaintiffs as to justify them in treating it as terminated. The clause in the instrument giving

to the plaintiffs the right to terminate the agreement upon a violation of this provision does not prevent the plaintiffs from seeking its cancellation by a judicial determination.   The claim by the defendants that, notwithstanding their violation, they possess all the rights conferred by the agreement, and dispute the right of the plaintiffs to terminate it, gives to the plaintiffs a reason for invoking judicial action.   Whether this claim by the defendants is made by reason of the dispute of the facts alleged, or of the right of the plaintiffs notwithstanding these facts, does not appear, but the plaintiffs have the right to a judicial declaration that the agreement has been violated by the defendants, and a consequent judgment for the cancellation of the agreement.   The threat of the defendants, that they will endeavor to enjoin the plaintiffs from disposing of the machines within the specified territory constitutes a reasonable apprehension that the instrument may cause injury to the plaintiffs.   If the defendants had consented to the termination of the agreement when the plaintiffs gave notice thereof there would be no occasion for an action, but their repudiation of the right of the plaintiffs to terminate the agreement renders the action appropriate.

Even if the plaintiffs could successfully defend against any suit by the defendants for an injunction, by showing a prior violation of the agreement by the defendants, such remedy is not as complete as is afforded by the present suit.   The territory covered by the agreement embraces several states, and the attempt by the plaintiffs to introduce their machines throughout this territory would subject them to the necessity of defending a suit in each of these states, whereas the present action strikes at the basis of each of those suits, and in one controversy determines the rights of the parties for them all.

Whether the plaintiffs are entitled to any damages will depend upon the proofs that may be made.   If the allegations of their complaint are insufficient to entitle

them to introduce such proofs it does not impair its sufficiency to establish their right to the equitable relief, nor is it any objection to the complaint that a judgment for damages and for preventive relief is sought in the same action.

The judgment is reversed, and the court below is directed to overrule the demurrer.

GAROUTTE, J., and VAN FLEET, J., concurred.